IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTOINE A. JONES,**

      **Petitioner,**

v.                                              Case No. 1:12cv86
                                                        (Judge Keeley)

**KUMA J. DEBOO,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On May 18, 2012, the petitioner filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On June 22, 2012, the petitioner paid the required $5 filing fee. On July 2, 2012, the respondent was directed to show cause why the petition should not be granted. The respondent filed a Motion to Dismiss or for Summary Judgment and Response on July 23, 2012. On July 24, 2012, a Roseboro Notice was issued. On August 13, 2012, the petitioner filed a response. Accordingly, this case, before me for a report and recommendation pursuant to LR PL P § 2, et seq., is ripe for review.

## I. Factual History

On August 2, 2010, the petitioner was sentenced by the United States District Court for the District of South Carolina to 63 months in prison for violation of 18 U.S.C. § 1349, Conspiracy to Commit Bank Fraud. (Doc. ) The petitioner was ordered to pay a $100.00 special assessment and $259,554.32 in restitution to numerous victims. (Id.). With respect to the $100 special assessment, the Judgment provided that it was to be paid immediately with any remaining balance to be paid in four equal consecutive monthly installments of $25.00 to commence 60 days after release from imprisonment. In addition, the Judgment provided as follows:

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program ["IFRP"], are made to the clerk of the Court.

Finally, the Judgment provided that any remaining was to be paid after release on a schedule set by the Probation Officer. On August 24, 2010, the sentencing court entered an Amended Judgment for modification of the restitution order. (Doc. 16-3). The sentence and monetary penalties remained the same, but the Amended Judgment added the list of actual payees to page 4. (Doc. 16-3, p. 4).

The petitioner has participated in the IFRP and has paid the $100 assessment in full. (Doc. 16-1, p. 2). At the time of the respondent's response, the petitioner was participating in the IFRP for his restitution obligation but had not yet made a payment towards the $259,554.32. However, his next payment was scheduled for September 2012. The petitioner's current projected release date via good conduct time is October 18, 2013. (Doc. 16-1, p. 2).

## II. The Petition

In his Petition, the petitioner asserts that the Mandatory Victims Restitution Act of 1996 ("MVRA") requires that the sentencing court order restitution to each victim and specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid. The petitioner accurately notes that the sentencing court cannot delegate this responsibility to any other party, agency or entity. Presumably, because the restitution order says that payment is due immediately and refers to the IFRP, the petitioner alleges that the sentencing court violated this premise and delegated its responsibility to establish a payment schedule to the BOP. Accordingly, the petitioner alleges that the BOP does not have authority to collect his payments under the IFRP. For relief, the petitioner seeks an order from this Court stopping his IFRP

2

payments, placing him in IFRP exemption status, and returning the money he has already paid.

### III. The Response

In response to the petitioner's motion, the respondent asserts that petitioner's J&C Order sets forth the amount of his assessment and restitution and orders that both are "due beginning immediately." Accordingly, the respondent argues the order clearly specifies both the amount and timing of the payment of the restitution, and the sentencing court did not improperly delegate its authority. Thus, the respondent seeks the dismissal of the petitioner's § 2241 petition.

### IV. The Reply

In his reply to the Roseboro Notice, the petitioner continues to argue that the BOP has no authority to collect MVRA payments from him through the IFRP because the sentencing court did not set a restitution payment schedule. In pursuing this argument, the petition relies on the holding in U.S. v. Gunning,[1] 401 F.3d 1145 (9th Cir.2005) and a number of district court cases within the 9th Circuit which follow its holding.

### V. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion

---

[1] In United States v. Gunning (Gunning 1) and United States c. Gunning, 401 F.3d 948 (Gunning II), the Ninth Circuit held that, under the MVRA, the scheduling of restitution payments is non-delegable, and that sentencing courts, not the BOP, must set a defendant's restitution schedule.

to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded

4

complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

B. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio *Corp.,*

475 U.S. 574, 587-88 1986).

**VI. Analysis**

In United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995), the Fourth Circuit Court of Appeals held that setting the amount and timing of restitution payments "is a nondelegable, core judicial function." Therefore, "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996).[2] However, pursuant to 18 U.S.C. § 3664, the district court is not required to establish a payment plan and set the amount of installments. Instead, a district court has the authority to order a defendant to make "a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals . . ." 18 U.S.C. § 3664(f)(3)(A).

Here, the sentencing court ordered that petitioner pay a specific amount of restitution ($259,554.32) due immediately. Clearly the sentencing court set the amount and timing of petitioners' restitution in its J&C Order and ordering that the fine be paid in full immediately does not constitute an improper delegation of the payment schedule to the BOP.[3] See McGhee v. Clark, 166 F. 3d 884 (7th Cir. 1999); see also Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan.

---

[2] In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." Therefore, the Fourth Circuit determined that the district court had improperly delegated its authority to set a payment schedule to the BOP. Consequently, the Fourth Circuit vacated the portion of Miller's sentence regarding the fine and restitution.

[3] To the extent that the J&C order in this case might violate the holding in Gunning, the undersigned finds said decision is non-binding on this Court. It is pertinent to note that the petitioner was sentenced within the Fourth Circuit and is confined within the Fourth Circuit. As outlined in this Report and Recommendation, the law is well settled within this Circuit that the J&C did not improperly delegate a core judicial function.

31, 2006) (internal quotations omitted) (finding that "a sentencing court's order that a fine due to be paid immediately is not an improper delegation of authority to the BOP, and the resultant payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order"); Webb v. Hammidullah, 2007 WL 21387552 * 3 (N.D. W.Va. July 23, 2007)("Where the sentencing court has ordered immediate payment of a criminal fine, the BOP has the discretion to place an inmate in the Inmate Financial Responsibility Program ("IFRP"); U.S. v. Caudle, 2008 WL 110945 * 2 (4th Cir. 2008)("the district court did set the amount and timing of the criminal penalties by ordering payment due immediately. Furthermore, participation in the IFRP does not violate Miller.").

Furthermore, where a fine is ordered due immediately, the BOP has the discretion to place the prisoner in a IFRP plan. Matheny v. Morrison, 307 F. 3d 709 (8th Cir. 2002).[4] "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while the petitioner's failure to comply with the IFRP can have consequences, see 28 C.F.R. § 545.11(d), compelled participation is neither punitive in nature nor does it violate due process. Johnpoll at 851 (the IFRP is reasonably related to the legitimate government objective of rehabilitation). Moreover, the IFRP has been "uniformly upheld against constitutional attack. McGhee v. Clark, 166 F. 3d at 886.

### VII. Recommendation

---

[4] The IFRP was enacted to assist inmates "to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities." Id.

For the foregoing reasons, the petitioner's allegation that the sentencing court improperly delegated its authority to set the amount and timing of his restitution payment to the BOP is without merit. Thus, it is the recommendation of the undersigned that the respondent's Motion to Dismiss (Dckt. #15) be **GRANTED** and the petition (Doc. #1) be **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985): Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

DATED: October 5, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE